F. M. THAYER *versus* JOSEPH CHESLEY.

The alleged maker of a promissory note defended a suit thereon upon the ground that he could neither read nor write, and that the signature purporting to be his was not genuine. The plaintiff testified that the defendant wrote the signature in question by copying his name from a copy written for him, by the plaintiff, on another piece of paper. The plaintiff then called an expert in handwriting, and, after showing him a letter identified as the handwriting of the plaintiff, asked him, — " Do you not think it possible that a person unaccustomed to write, might copy the signature in question by the aid of another signature before him, written on a separate sheet of paper by the person who wrote the letter." — *Held*, that the question was not a proper one.

ON EXCEPTIONS to the ruling of GODDARD, J., of the Superior Court.

ASSUMPSIT by the payee against the alleged maker of a promissory note.

Plea, general issue, with an affidavit denying the signature.

The plaintiff testified that he saw the defendant write the signature to the note in suit, and that he did it by copying his name from a signature written by the plaintiff on another piece of paper, as a copy.

Several of the defendant's neighbors, called by him as witnesses, testified that they were well acquainted with the defendant; that they had never seen him write his name, but had frequently seen him make his mark, and produced nine notes and two mortgages bearing the defendant's mark.

*Robert A. Bird*, called by the plaintiff as an expert in handwriting, after being shown a letter identified as being in the plaintiff's handwriting, was asked by the plaintiff's counsel, among other questions not objected to, the following :—" Do you or not think it possible that a person unaccustomed to write, might copy the signature in question by the aid of another signature before him, written on a separate sheet of paper, by the person who wrote the letter?" which was objected to, but admitted by the presiding Judge.

The verdict was for the plaintiff, and the defendant alleged exceptions.

*T. H. Haskell*, for the defendant.

*J. W. Symonds*, for the plaintiff.

DICKERSON, J.—Exceptions from Superior Court. This was assumpsit on a promissory note, and the question arose with regard to the genuineness of the signature. The plaintiff testified that the defendant signed the note in his presence by copying his name from a copy set him by the plaintiff on another piece of paper. The defendant testified that he did not sign it, that he is unable to read and write, and always makes his mark. The defendant also called several witnesses to prove that he was accustomed to make his mark, and also introduced certain mortgages and notes thus executed by him.

The plaintiff called an expert in handwriting, and, after showing him a letter identified by the plaintiff as in his own handwriting, put the following question to him :—
" Do you not think it possible that a person unaccustomed to write, might copy the signature in question by the aid of another signature before him, written on a separate sheet of paper, by the person who wrote the letter in evidence?" The defendant's counsel objected to the question, but the Court overruled the objection and admitted the question, and the defendant excepted.

The question objected to does not involve the identification of the signature to the note, as the signature of the defendant, by persons having knowledge of his handwriting or by comparison of such signature with other writing proved or admitted to be his, the legal modes of proof in such cases, but the possibility that a person, not the defendant, unaccustomed to write, might make the signature in question from the aid of another signature, written by the plaintiff. An affirmative answer to the question, at most, would only show inferentially, not the probability, but the possibility that the defendant wrote the signature in ques-

tion. The question for the jury to decide was, not whether the defendant might have written the signature to the note, but whether he actually did write it. It would be unsafe to infer an actuality from an inferential possibility. If such testimony were admissible on the part of the plaintiff, it would be competent for the defendant to rebut it by evidence,—1, that such a person could not thus write the signature in question, and, 2, that it would be impossible for him to do it,—an issue quite too remote to be serviceable in eliciting the truth called for by the pleadings. We know of no rule of law by which such a question is admissible.

The other instructions seem to have been as favorable to the defendant as he was entitled to. In this view of the case it becomes unnecessary to consider the motion.

*Exceptions sustained.*

KENT, BARROWS, DANFORTH and TAPLEY, JJ., concurred.